UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CURTIS FULLER
aka Raleem-X,

        Plaintiff,        Case No. 1:12-cv-861

v.        Honorable Robert J. Jonker

JOHN PRELESNIK et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Prelesnik, Martin, Wyma and Lewis. The Court will serve the complaint against Defendants Sherve, Smith and Harmo.

**Discussion**

I.   Factual allegations

Plaintiff is incarcerated in the Ionia Maximum Correctional Facility (ICF). In his *pro se* complaint, he sues the following ICF employees: Warden John Prelesnik, Resident Unit Officer Craig Sherve, Chaplain Gerry Wyma, Food Steward M. Harmo, Food Director G. Lewis and Resident Unit Manager (Unknown) Smith. Plaintiff also sues CFA Director Mike Martin, who is employed at the Michigan Department of Corrections (MDOC) headquarters in Lansing.

Plaintiff claims that he was transferred to ICF on July 26, 2011, because it was the only Level V facility where he could practice his Jewish faith and receive a kosher diet. Upon Plaintiff's arrival at ICF, Defendant Sherve and other officers began harassing him about being Jewish because Plaintiff is African-American and has the name "Raleem-X." According to Plaintiff, Sherve threatened that Plaintiff would not remain on the kosher diet program or continue practicing Judaism for much longer. Plaintiff alleges further episodes of verbal harassment by Sherve on August 29, 2011 and September 8, 2011, regarding Plaintiff's race and religious beliefs. Following the verbal harassment on September 8, Plaintiff claims that Sherve retaliated against him by "tearing up" Plaintiff's cell while Plaintiff was on call-out. Plaintiff contends that all of his expedited legal mail forms and law library call out request forms were missing, so that Plaintiff could not send legal mail or go to the law library to research his legal claims. Plaintiff filed a complaint against Sherve and asked to be moved to another housing unit.

Plaintiff alleges that on September 10, 2011, Defendant Sherve further retaliated against him for exercising his religious beliefs by issuing a false notice of intent (NOI) to remove Plaintiff from the kosher meal program. In the NOI, Sherve alleged that Plaintiff had accepted food

from another prisoner's non-kosher food tray.[1]  Plaintiff denied the charge and filed a grievance against Sherve.  On September 14, 2011, Defendant Smith called Plaintiff to a hearing on the NOI. When Plaintiff asked to return to his cell to get his written statement regarding the NOI, Smith told Plaintiff that it did not matter because Smith always sided with his co-workers.  Plaintiff was removed from the kosher meal program on September 19, 2011, and was forced to eat non-kosher food in violation of his religious beliefs.

Plaintiff wrote numerous letters to Defendants Prelesnik, Martin, Lewis and Wyma claiming that Defendants Sherve and Smith removed him from the kosher meal program in violation of his federal rights.  Plaintiff also filed several grievances concerning his removal from the kosher meal program.

Plaintiff further claims that while he was on the kosher meal program, he wrote a kite to Defendant Harmo complaining that ICF was not in compliance with the kosher meal standards set by the Michigan Department of Corrections.  Specifically, Plaintiff contends that he "was not receiving the proper food items on his kosher diet." (Compl., docket #1, Page ID#8.)

Plaintiff asserts violations of the First Amendment Free Exercise Clause, the Fourteenth Amendment Due Process Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*  Plaintiff further contends that Defendants

---

[1]Under MDOC Policy Directive 05.03.150, VV (Religious Beliefs and Practices of Prisoners):

> A prisoner approved to eat from a religious menu shall have that approval rescinded if s/he eats, or has in his/her possession, any food item that violates a tenet of his/her designated religion. The approval shall be rescinded only after a hearing is conducted pursuant to Administrative Rule 791.3310 to establish the basis for that removal. A prisoner may reapply to eat from a religious menu no sooner than 60 calendar days after approval is rescinded the first time and no sooner than one year after approval is rescinded a second time. A prisoner may reapply to eat from a religious menu only with approval of the CFA Deputy Director if approval has been rescinded more than twice.

discriminated again him on the basis of his religious beliefs and his race in violation of his Fourteenth Amendment equal protection rights. In addition, Plaintiff claims that Defendants retaliated against him for his religious beliefs in violation of the First Amendment. He seeks declaratory relief and monetary damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Defendants Prelesnik, Martin, Wyma and Lewis**

Plaintiff fails to make specific factual allegations against Defendants Prelesnik, Martin, Wyma and Lewis, other than his claim that they failed to take corrective action in response to his letters and grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.

1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Prelesnik, Martin, Wyma or Lewis engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. **Defendants Sherve, Smith and Harmo**

At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient to warrant service of the complaint against Defendants Sherve, Smith and Harmo.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Prelesnik, Martin, Wyma and Lewis will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Sherve, Smith and Harmo.

An Order consistent with this Opinion will be entered.


Dated:     October 31, 2012             /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE