`UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS FULLER,

        Plaintiff,

Case No. 1:12-cv-861

Hon. Robert J. Jonker

v.

JOHN PRELESNIK, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on two motions to revoke plaintiff's *in forma pauperis* status and to dismiss this action filed by defendants Erric Smith (docket no. 24) and defendants Michael Harmon and Craig Shreve (docket no. 35).

    **I.**    **The three strikes rule**

This action involves claims brought by plaintiff for alleged violations of the First Amendment Free Exercise Clause, the Fourteenth Amendment Due Process Clause, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*. *See* Opinion at pp. 1-4 (docket no. 9). In response to the complaint, defendants seek to revoke plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915 and to dismiss his complaint because plaintiff is subject to the "three strikes" rule under 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Evidence showing prior dismissals under the three strikes rule must be produced by the defendant challenging the prisoner's *in forma pauperis* status or, when readily available, by the Court. *See Thompson v. Drug Enforcement Administration*, 492 F.3d 428, 435-36 (D.C. Cir. 2007) ("In sum, weighing considerations of fairness, convenience, and probability, we hold that prisoners moving for IFP status need not produce evidence showing the grounds for prior dismissals. Such evidence must be produced either by the defendant challenging the prisoner's IFP status or, when readily available, by the court itself"). Once such evidence has been produced to challenge the prisoner's *in forma pauperis* status, courts have stated that "the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes." *Id.*, citing *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) and *Evans v. Illinois Department of Corrections*, 150 F.3d 810, 811-12 (7th Cir. 1998). *See, e.g., Uduko v. Cozzens*, No. 11-13765, 2012 WL 5830217 at *1 (Report and Recommendation) (E.D. Mich. Sept. 21, 2012), adopted in 2012 WL 5830228 (E.D. Mich. Nov. 16, 2012) (applying the burden of proof announced in *Thompson*).

**II.     Discussion**

Here, defendants have presented three cases which they state should be treated as plaintiff's "three strikes" under § 1915(g): *Fuller v. Calvin*, No. 2:00-cv-225 (W.D. Mich. May 29, 2001), affirmed in *Fuller v. Calvin*, 28 Fed. Appx. 390 (6th Cir. 2002); *Fuller v. Bouchard*, No. 2:04-cv-35 (W.D. Mich. April 2, 2004), affirmed in *Fuller v. Bouchard*, No. 04-2217 (6th Cir. Sept. 30, 2005) (docket no. 25-3); and *Fuller v. Napel*, 2:11-cv-13319 (E.D. Mich. June 27, 2012) (docket no. 25-4).

### A. *Fuller v. Calvin*

*Fuller v. Calvin* involved an Eighth Amendment claim and a Due Process claim. This Court dismissed the Eighth Amendment claim without prejudice for failure to exhaust administrative remedies and the Due Process claim with prejudice. *See Fuller v. Calvin*, 28 Fed. Appx. 390.[1] This Court's decision was affirmed on appeal. *Id.* at 391-92. While this lawsuit involved claims dismissed both with and without prejudice, the dismissal counts as a strike under § 1915(g). *See Pointer v. Wilkinson*, 502 F.3d 369, 372-77 (6th Cir. 2007) ("we hold that where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)"); *Wilson v. Stayner*, No. 1:10-cv-571, 2010 WL 2653372 (W.D. Mich. June 30, 2010) (citing *Pointer*).

In his response to defendants' motions, plaintiff contends that *Fuller v. Calvin* should not count as a strike because he subsequently exhausted the Eighth Amendment claims in *Fuller v. Calvin* and re-filed the lawsuit. Plaintiff was apparently following the suggestion of the Sixth Circuit, which noted that "the district court dismissed Fuller's Eighth Amendment claim without prejudice" and that "Fuller has the option to refile his complaint and present documents reflecting that he has exhausted his administrative remedies." *Fuller v. Calvin*, 28 Fed. Appx at 392. The record reflects that on November 25, 2002, plaintiff filed a lawsuit entitled *Fuller v. Gamelin*, No. 2:02-cv-182 (W.D. Mich.). In granting a motion for reconsideration that allowed plaintiff to pursue his claims in *Fuller v. Gamelin*, this Court made the following observation:

---

[1] Neither party has presented a copy of the complaint, opinion or order of dismissal in *Fuller v. Calvin*, 2:00-cv-225. In determining whether this case counts as a strike, the Court is relying on the Sixth Circuit's ruling set forth in *Fuller v. Calvin*, 28 Fed. Appx. 390.

3

> Plaintiff's complaint was dismissed for failure to exhaust administrative remedies. In his original complaint, Plaintiff offered a copy of an order dismissing an appeal in Fuller v. Calvin, No. 01-1814 (6th Cir. Jan. 4, 2002), which showed that Plaintiff previously filed a lawsuit regarding the claims asserted in this complaint, but that the action was dismissed without prejudice for failure to exhaust administrative remedies.

*Fuller v. Gamelin*, No. 2:02-cv-182 (Order) (W.D. Mich. April 10, 2003) (docket no. 9). *Fuller v. Gamelin* was tried before a jury, which entered a verdict in favor of defendants. *See Fuller v. Gamelin*, Judgment (Dec. 1, 2004) (docket no. 130).

Despite plaintiff's later success in *Fuller v. Gamelin*, under the rule announced in *Pointer*, this Court's decision in *Fuller v. Calvin* counted as a strike when the latter case was dismissed on May 29, 2001. Assuming that plaintiff exhausted his Eighth Amendment claims, re-filed those claims in *Fuller v. Gamelin*, and eventually presented those claims to a jury, such action does not erase *Fuller v. Calvin* as a strike for purposes of the three strikes rule. *See Pointer*, 502 F.3d at 373 ("inclusion of unexhausted claims in a complaint in which all other counts fail to state a claim will not 'inject merit into the action' and transform counts that do not state a claim into ones that do").

### B. *Fuller v. Bouchard*

*Fuller v. Bouchard* involved a variety of claims under the First and Fourteenth Amendments. The Court dismissed all of plaintiff's claims for failure to state a claim except for his First Amendment claim that certain music magazines were rejected. The court characterized the magazine as "Plaintiff's only nonfrivolous claim." *Fuller v. Bouchard*, No. 2:04-cv-35 (Opinion at p. 18) (W.D. Mich. April 2, 2004). The Court, however, found that this nonfrivolous claim was unexhausted, and dismissed it. *Id.* This lawsuit, which contained several claims dismissed with

4

prejudice and one claim dismissed without prejudice, also counts as a strike. *See Pointer*, 502 F.3d at 372-77; *Wilson*, 2010 WL 2653372.

### C. *Fuller v. Napel*

Finally, in *Fuller v. Napel*, the Court granted defendants' motion for summary judgment and dismissed plaintiff's complaint with prejudice. A review of the docket sheet from the Eastern District reflects that plaintiff did not appeal this dismissal.

## III. Conclusion

Based on this record, the Court concludes that plaintiff is subject to the three strikes rule. In addition, plaintiff's allegations do not fall within the exception to the three strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury. In light of the foregoing, § 1915(g) prohibits plaintiff from proceeding *in forma pauperis* in this action. Accordingly, defendants' motions to revoke plaintiff's *in forma pauperis* status should be granted. However, defendants' motions to dismiss this action should be held in abeyance at this time and plaintiff given an opportunity to submit the filing fee.

## IV. Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motions to revoke plaintiff's *in forma pauperis* status (docket nos. 24 and 35) be **GRANTED;**

I further recommend defendants' motions to dismiss (docket nos. 24 and 35) be **HELD IN ABEYANCE** and that plaintiff be given fourteen (14) days to pay the entire civil filing fee of $350.00;

5

I further recommend that if plaintiff fails to pay the filing fee within the 14-day period, his case be dismissed without prejudice, but he continue to be held responsible for payment of the $350.00 filing fee.


Dated:  February 5, 2014                                        /s/ Hugh W. Brenneman, Jr.
                                                                HUGH W. BRENNEMAN, JR.
                                                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).